**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **COLONEL CHESTER D. TUTOR** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:12-cv-503-SS** |
| | § | |
| **NORTH AMERICAN TITLE** | § | |
| **COMPANY, LESLEY KAREN** | § | |
| **WILLIAMS, JEFFREY TURNER and** | § | |
| **VITALY ZARETSKY** | § | |
| **Defendants.** | § | |

**DEFENDANTS NORTH AMERICAN TITLE COMPANY AND LESLEY KAREN**
**WILLIAMS' UNOPPOSED MOTION TO CONSOLIDATE**

Pursuant to Federal Rule of Civil Procedure 42, Defendants North American Title

Company ("NAT") and Lesley Karen Williams ("Williams") file this Unopposed Motion to

Consolidate,[1] and in support thereof, respectfully show the Court as follows:

**I. INTRODUCTION AND BACKGROUND**

On January 29, 2010, Brian Vodicka and Steven Aubrey filed an Original Complaint in

this Court in the action styled Civil Action No. 1:10-CV-00076-SS, *Steven B. Aubrey and Brian*

*E. Vodicka v. Peter E. Barlin, et al* (the "Original Federal Case").  Approximately one year later,

these same plaintiffs filed a lawsuit in the 162nd Judicial District Court of Dallas County, Texas

styled Cause No. DC-11-01142, *Brian Vodicka and Steven Aubrey v. North American Title*

*Company* (the "State Court Case").  In October 2011, the state court severed the plaintiffs'

derivative claims in the State Court Case into a separate case with a new cause number, DC-11-

13471 (the "Severed Action").  The state court also stayed the Severed Action pending the

outcome of the Original Federal Case, as the underlying tort claims against Sandra Gunn,

---

[1] Pursuant to the guidance of the Clerk, identical copies of this motion are being filed in both of the cases sought to
be consolidated.

Gregory Lahr and Peter Barlin (which formed the bases of the plaintiffs' derivative claims against NAT) were already pending the Original Federal Case.  On August 8, 2012, the state court granted full and final summary judgment to NAT in the State Court Case.

On July 12, 2012, Plaintiffs filed a Second Amended Petition in the Severed Action wherein they named, for the first time, Williams, Jeffrey Turner ("Turner") and Vitaly Zaretsky ("Zaretsky") as defendants and asserted a new claim based on alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  On August 9, 2012, NAT and Williams removed the Severed Action to the United States District Court for the Northern District of Texas.  The Northern District transferred the Severed Action to this Court on August 21, 2012 where it was re-styled Civil Action No. 1:12-CV-00768, *Brian Vodicka and Steven Aubrey v. North American Title Company, et al.*

Meanwhile, on May 14, 2012, the same counsel for Vodicka and Aubrey filed a petition on behalf of another plaintiff, Colonel Chester D. Tutor, alleging RICO claims against NAT in Williamson County state court (the "Tutor Case").  NAT removed the case to this Court on June 8, 2012, where it is styled Civil Action No. 1:12-CV-00503-SS, *Colonel Chester D. Tutor v. North American Title Company, et al*.  On July 9, Tutor filed leave to file under seal his First Amended Complaint, which is substantially similar to Vodicka and Aubrey's Second Amended Petition in the Severed Action.  For the Court's convenience, the following chart is provided to help summarize the foregoing:

| Case | 1:10-CV-076-SS<br>Western District of Texas<br>("Original Federal Case") | DC-11-01142<br>Dallas County<br>("State Court Case") | A:10-CV-768-SS<br>Western District – Austin<br>Formerly DC-11-13471<br>("Severed Action") | 1:12-CV-503-SS<br>Western District – Austin<br>("Tutor Case") |
|---|---|---|---|---|
| Plaintiffs | Brian Vodicka<br>Steven Aubrey | Brian Vodicka<br>Steven Aubrey | Brian Vodicka<br>Steven Aubrey | Colonel Chester D. Tutor |
| Defendants | Peter Barlin, Gregory Lahr and Sandra Gunn | NAT | NAT, Williams, Jeff Turner and Vitaly Zaretsky | NAT, Williams, Jeff Turner and Vitaly Zaretsky |
| Other Parties | Mark Schiffgens,  Mitchell Savrick, Savrick, Schumann, Johnson, McGarr, Kaminski & Shirley, LLP (all dismissed defendants) | Third Party Defendants: Sandra Gunn, Gregory Lahr, Peter Barlin and CFS Associates, Inc. d/b/a Creative Financial Solutions | Third Party Defendants: Sandra Gunn, Gregory Lahr, Peter Barlin and CFS Associates, Inc. d/b/a Creative Financial Solutions | None at this time. |
| Claims | Violations of Federal Securities Act and Texas Securities Act, fraud in a real estate and securities transaction, common law fraud, fraudulent inducement, negligent misrepresentation, breach of fiduciary duty, legal malpractice | Breach of fiduciary duty, negligence, gross negligence, negligence per se | Negligence, gross negligence, negligence per se, RICO, conspiracy, Texas Theft Liability Act | Breach of fiduciary duty, negligence, gross negligence, negligence per se, RICO, conspiracy, Texas Theft Liability Act |
| History | Filed January 29, 2010. Trial set for October, 2012. | Full and final Summary Judgment entered in favor of NAT on August 8, 2012. | Filed January 31, 2011. Severed and stayed on October 7, 2011.  Removed to the Northern District of Texas on August 9, 2012. Transferred to the Western District of Texas on August 20, 2012.  Motion to Dismiss pending. | Filed on May 14, 2012. Removed to the Western District of Texas on June 8, 2012.  Motion to Dismiss pending. |

The allegations asserted by the plaintiffs in the Severed Action are nearly identical to those asserted by the plaintiff in the Tutor Case.  Also, there is nearly identical commonality between the two lawsuits of parties and legal and fact questions.  Furthermore, judicial economy will be served if the cases are consolidated.  Therefore, NAT and Williams request the Court consolidate, in their entirety, the Severed Action and the Tutor Case.

## II.  ARGUMENTS & AUTHORITIES

**A.      Legal Standard for a Motion to Consolidate**

Federal Rule of Civil Procedure 42(a) authorizes a district court to consolidate cases if the actions before the court involve a common question of law or fact.  Rule 42(a) should be used to expedite trial and eliminate unnecessary confusion.  *Miller v. United States Postal Serv.,* 729 F.2d 1033, 1036 (5th Cir. 1984).

In evaluating whether consolidation is proper, courts in this Circuit consider whether: 1) the actions are pending before the same court; 2) there are common parties; 3) there are common questions of law or fact; 4) there is a risk of prejudice or confusion if the cases are consolidated, and, if so, whether the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are handled separately; 5) consolidation will conserve judicial resources and reduce the time and cost of handling the case separately; and 6) the cases are at different stages of preparation.  *See, e.g., Pfeffer v. HAS Retail, Inc.,* No. SA-11-CV-959-XR, 2012 WL 394645, at *2-3 (W.D. Tex. Feb. 6, 2012); *Pasley v. CenterPoint Energy Houston Elec., L.L.C.,* No. H-11-2341, 2012 WL 360195, at *3-4 (S.D. Tex. Feb. 1, 2012); *Zolezzi v. Celadon Trucking Servs.,* No. H-08-3508, 2009 WL 736057, at *2-3 (S.D. Tex. Mar. 16, 2009); *In re Enron Corp. Securities, Derivative & ERISA Litigation,* Nos. H-01-3624, H-04-0088, H-04-0087, H-0305528, 2007 WL 446051, at *1 (S.D. Tex. Feb. 7, 2007).

The court has broad discretion in determining whether consolidation is appropriate.  *Mills v. Beech Aircraft Corp.,* 886 F.2d 758, 761-62 (5th Cir. 1989).  In fact, the district court may order consolidation on its own initiative even if the parties are opposed to it.  *In re Air Crash Disaster at Florida Everglades on Dec. 29, 1972 v. Eastern Air Lines, Inc.,* 549 F.2d 1006, 1013 (5th Cir. 1977).  District courts frequently consolidate cases before them that overlap

substantially.  *See, e.g, Gabriel v. OneWest Bank FSB,* No. H-11-3356, 2012 WL 1158732, at *1 (S.D. Tex. Apr. 5, 2012) (and cases cited therein).

**B.     The Factors for Consolidation Indicate the Severed Action and Tutor Cases Should be Consolidated**

   *1.     The Cases are Both Pending Before the Same Court*

Both the Tutor Case and the recently transferred Severed Action are both pending before this Court.  The Court has recently noted its familiarity with some of the allegations in these cases based on its experience with the Original Federal Case.  (*See* Docket No. 11 in the Tutor Case).  This knowledge will be beneficial to the parties if the cases are consolidated so that they may be docketed for a more timely and efficient disposition.

   *2.     The Cases Involve the Same Parties*

While the plaintiffs in the Tutor Case and the Severed Action are different, their claims are similar and arise out of investments in inferior lien transactions involving the same real property and defendants.  Also, as shown in the chart above, the defendants are identical.  The only difference is the inclusion of third-party defendants in the Severed Action.  However, the fact that a party is named in one but not both of the actions sought to be consolidated does not, standing alone, make consolidation inappropriate.  *See Zolezzi,* 2009 WL 736057, at *4 (citing *Bottazzi v. Petroleum Helicopters, Inc.,* 664 F.2d 49, 50 (5th Cir. 1981)).  This is particularly true given the likelihood that the third-party defendants in the Severed Action may be named as responsible third parties in the Tutor Case such that any submission to a jury for a finding of proportionate liability will be identical in both the Severed Action and the Tutor Case.

   *3.     The Cases Have Common Questions of Law or Fact*

Any doubt about the nearly identical claims and facts asserted by the plaintiffs in the Tutor Case and the Severed Action is quickly removed upon comparing the live pleadings in

both cases.  (*See* Docket No. 19 in the Tutor Case and Docket No. 11 in the Severed Action).

Both pleadings were prepared by the same counsel, in nearly identical form, and assert nearly

identical causes of action and facts.  (*See id.*).  The only substantive difference is that the Tutor

Case includes a claim for breach of fiduciary duty that is absent from the Severed Action (and

previously adjudicated in the State Court Case through the final Summary Judgment in favor of

NAT).  (*See id.*).  The most striking similarity between the lawsuits is the fact that they are both

focused on RICO claims that center on the same players involved in the alleged RICO enterprise

and attempt to assert nearly identical predicate acts.  (*See id.*).

Although it is somewhat difficult to tell from the face of the pleadings, all three plaintiffs

in the two lawsuits essentially claim they lost money when they invested in similar loans that

were secured by the same real property.  Thus, with the exception of the amount of damages

claimed by them, all of the plaintiffs will have the same damage model and rely on the same

facts to prove their claims.

### 4.      There is no Risk of Prejudice or Confusion if the Cases are Consolidated

It is difficult to imagine the prejudice or harm that would be caused to the plaintiffs if the

two cases were combined, given that they are represented by the same counsel, assert the same

claims and rely on the same facts to support their claims.  Conversely, costs will be multiplied

and there is a very real risk that the defendants will be subject to inconsistent results if the cases

are not combined and tried separately.  For example, it is possible that a jury may find for one

plaintiff but not the other, even though the facts giving rise to their claims are the same.  It is also

possible that two juries might render inconsistent findings against the defendants.

Also, no jury confusion would arise from the cases being consolidated.  In fact, it will

likely make more sense to a jury to have all the parties before it in one case rather than two juries

faced with piecemeal litigation.  Furthermore, the similarity between the two causes could easily result in confusion by counsel and the Court.  Consolidation would eliminate this potential for confusion.  It would be much easier for a single jury, presented with all the facts in a single case involving all the relevant parties to make one decision with respect to liability and apportionment, if any, of damages than for two different juries to make separate decisions in two cases involving different parties even though they are based on the same facts.

### 5.     *Judicial Economy will be Served by Consolidation*

As indicated above, the Court has noted its familiarity with the facts of these cases such that it will be far easier to handle all discovery and pre-trial matters in a single case rather than two cases.  Also, instead of burdening two juries with two trials, the cases could both be decided by a single jury in a single trial, which serves judicial efficiency and economy.  Consolidation will also help reduce litigation costs since discovery will not have to be conducted twice on the same issues.

### 6.     *The Cases are at Similar Stages of Development*

The Tutor Case was filed in May of 2012, and while the Severed Action was originally filed in January 2011, it was subject to a stay order entered on October 7, 2011, which remained in place at the time it was removed to federal court.  Thus, no discovery has been done in either the Tutor Case or the State Court Case, and both are at the same stage of development.

### III.  CONCLUSION

Based on the foregoing, the factors used to analyze consolidation demonstrate that consolidation of the Severed Action and Tutor Case is appropriate.  Therefore, NAT and Williams respectfully request that the Court consolidate, for all purposes, Civil Action No. 1:12-

CV-768-SS with Civil Action No. 1:12-CV-503-SS, and that the Court grant NAT and Williams

all other and further relief to which they show themselves to be justly entitled.

Respectfully submitted,

/s/ *G. Roland Love*
G. Roland Love
State Bar No. 1251700
Jason R. Bernhardt
State Bar No. 24045488

**WINSTEAD PC**
5400 Renaissance Tower
1201 Elm Street, Suite 5400
Dallas, Texas 75270
(214) 745-5400 (Telephone)
(214) 745-5390 (Facsimile)
rlove@winstead.com
jbernhardt@winstead.com

**ATTORNEYS FOR DEFENDANTS**
**NORTH AMERICAN TITLE COMPANY**
**AND LESLEY KAREN WILLIAMS**

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendants has contacted all counsel for all parties that have appeared in this action about the relief sought in this motion.  All counsel have indicated they are unopposed to the relief requested herein.

/s/ *G. Roland Love*
One of Counsel

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered to the following counsel of record via the Court's electronic filing system on the 28th day of August 2012:

Donald H. Grissom
William W. Thompson, III
GRISSOM & THOMPSON, LLP
509 West 12th Street
Austin, Texas  78701
(512) 482-8410 facsimile

**ATTORNEYS FOR PLAINTIFF**

*/s/ G. Roland Love*
One of Counsel